```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE

NEWELL MOWRY,                    :    CIV. NO. 20-2848 (RMB)
                                 :
          Petitioner             :
     v.                          :    MEMORANDUM AND ORDER
                                 :
                                 :
DAVID E. ORTIZ,                  :
                                 :
          Respondent             :
```

Petitioner Newell Mowry, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, challenges his 2018 conviction and sentence in the United States District Court, District of Maine, asserting jurisdiction in this Court either as a Motion under Federal Rule of Civil Procedure 60(d) or as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  The Court construes the filing as a petition under 28 U.S.C. § 2241.

Petitioner failed to pay the $5 filing, pursuant to 28 U.S.C. § 1914(a), or alternatively submit an application to proceed without prepayment of fees ("*in forma pauperis*" or "IFP"), pursuant to 28 U.S.C. § 1915(a). Therefore, the Court will administratively terminate this action, pursuant to Local Rule 54.3(a), which requires payment or waiver of the filing fee before a case is opened.

Petitioner should be advised that after the filing fee is paid or waived, the Court must screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the

Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief …." Rule 4 is applicable to petitions brought under 28 U.S.C. § 2241, pursuant to Rule 1, Scope of the Rules. For the reasons discussed below, if Petitioner paid the filing fee or the fee was waived and the case reopened, the Court would dismiss the petition as frivolous.

I. DISCUSSION

Petitioner acknowledges that he pled guilty to a federal offense in Criminal Action No. 1:18cr00015 and was sentenced in the District of Maine on July 31, 2018, and he has not filed a direct appeal or a motion under 28 U.S.C. § 2255. He argues that the sentencing court's jurisdiction under 18 U.S.C. § 3231, which provides for jurisdiction in the United States District Courts of all offenses against the laws of the United States, was only presumed. He now challenges that statute, arguing that Public Law 80-772 was never properly enacted by the House of Representatives in the 1940s.

Federal Courts may issue a writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This Court agrees with the many courts who have examined and rejected as legally frivolous claims that 18 U.S.C. § 3231 is ineffective because Public Law 80-772 was never properly enacted.

See e.g., Benjamin v. Miner, 256 F. App'x 554, 555 (3d Cir. 2007); United States v. Johnson, 270 F. App'x 191 (3d Cir. 2008); United States v. Potts, 251 F. App'x 109, 111 (3d Cir. 2007); United States v. Armijo, 314 F. App'x 113, 114 (10th Cir. 2008); United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007); United States v. Campbell, 221 F. App'x 459, 461 (7th Cir. 2007); United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006); Cardenas-Celestino v. United States, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008). Therefore, if Petitioner reopened this matter, the Court would dismiss the petition as frivolous.

**IT IS** on this **9th day of July 2020**,

**ORDERED** that the Clerk of the Court shall administratively terminate this case without filing the petition; Petitioner is informed that administrative termination is not a "dismissal"; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank form "Affidavit of Poverty and Certification (HABEAS CORPUS)" DNJ-Pro Se-007-B-(Rev. 09/09); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Petitioner's writing shall include either (1) a complete, signed *in forma pauperis* application or (2)

3

the $5.00 filing fee; and it is further

**ORDERED** that upon receipt of such writing from Petitioner within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case, subject to screening and possible dismissal under Habeas Rule 4; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
**United States District Judge**
